IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA LEE WILLIAMS,

                  Plaintiff,

     v.

ROBERT A. MCDONALD, Secretary
of Veterans Affairs,

                Defendant.

No. 3:15-CV-01710-HZ

OPINION & ORDER

Brenda Lee Williams
13935 SW Glastonbury Lane, #344
Tigard, OR 97224

       Pro Se Plaintiff

//

//

//

//

1 - OPINION & ORDER

Billy J. Williams
United States Attorney
District of Oregon
Kevin Danielson
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Brenda Lee Williams brings this employment discrimination action against Defendant Robert McDonald, Secretary of Veterans Affairs. She alleges discrimination based on race under Title VII of the Civil Rights Act of 1964 and Oregon's analogous statute. Defendant moves for summary judgment on the ground that Plaintiff failed to exhaust her administrative remedies. I grant the motion.

## BACKGROUND

      Plaintiff worked as a Sales Associate at the Veterans Canteen Service for Veterans Affairs ("VA") in Portland, Oregon. She alleges that during her interactions with African-American customers, her supervisor, Kathleen Hart, would approach and remark, "you know that you're not allowed to ring up your relatives." Compl. at 4, ECF No. 1. Plaintiff also asserts that Hart questioned her after she gave a refund to an African-American customer with the surname of Williams. Id. at 4. This last allegedly discriminatory act occurred on April 28, 2014. Id. at 3.

      These incidents spurred Plaintiff to meet with the Portland VA's Equal Employment Opportunity ("EEO") Program Manager, Trent Stewart, on May 5, 2014. During their meeting, Plaintiff informed Stewart of the incident involving the refund, and an instance when Hart stared at Plaintiff's daughter. Decl. of Trent Stewart at ¶ 2, ECF No. 17. Stewart contends that in response, he informed Plaintiff that the Office of Resolution Management processes all

employment discrimination claims. Id. He then gave her a brochure with a phone number and instructions to call within forty-five days of the alleged discriminatory behavior. Id. Later that evening, after meeting Stewart, Plaintiff emailed Administrative Law Judge Steven R. Gaffin. Pl. Resp. to Mot. at 3, ECF No. 20. Judge Gaffin responded to Plaintiff the following day, May 6, 2014, with directions on how to file an EEO complaint. Id.

Despite this, Plaintiff did not initiate contact with an EEO Counselor until April 28, 2015, and did not file a formal discrimination complaint until June 2, 2015. Compl. at 6. After she was unable to reach an agreement with the VA, she filed this action.

## STANDARDS

A.  Summary Judgment

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. Exhaustion of Administrative Remedies

Under 29 C.F.R. § 1614.105(a)(1), a federal employee must initiate contact with an EEO Counselor within forty-five days of the alleged discriminatory act. Villalobos v. Vilsack, No. C 12-138 MEJ, 2012 WL 4674056, at *6 (N.D. Cal. Oct. 1, 2012), aff'd, 601 F. App'x 551 (9th Cir. 2015). The Ninth Circuit holds that absent waiver, estoppel, or equitable tolling, "'failure to comply with this regulation [is] … fatal to a federal employee's discrimination claim' in federal court." Villalobos, 2012 WL 4674056, at *6 (quoting Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1043 (9th Cir. 2009)).

When a plaintiff does not argue that waiver, estoppel, or equitable tolling applies, the court's analysis depends upon the plaintiff's initiation of contact with an EEO Counselor within forty-five days of the alleged matter. Kraus, 572 F.3d at 1043–1044. The Equal Employment Opportunity Commission ("EEOC") adheres to an interpretation of 29 C.F.R. § 1614.105 whereupon "'a complainant may satisfy the criterion of EEO Counselor contact by initiating contact with any agency official logically connected with the EEO process… and by exhibiting an intent to begin the EEO process.'" Id. at 1044 (quoting EEOC Management Directive 110, at ch. 2, § I.A n. 1, 1999 WL 33318588). Counselor contact is interpreted pragmatically to include

contact with agency officials who have EEO counseling responsibilities or counseling

connections, without attributing dispositive significance to job titles. Id. at 1045.

DISCUSSION

Defendant moves for summary judgment because, it argues, Plaintiff failed to contact an

EEO Counselor within forty-five days of the alleged discriminatory acts. The last of the alleged

acts occurred on April 28, 2014. Following these acts, there is no dispute between the parties that

Plaintiff did not contact an EEO Counselor until April 28, 2015. Further, Plaintiff has not

designated any factual issues in her Response. The issue, therefore, is whether sometime within

the forty-five day window, she made timely contact with an agency official logically connected

to the complaint process, and whether she exhibited the requisite intent to begin that process.

Kraus, 572 F.3d at 1044.

I.      Logical Connection

Initial contact with any agency official logically connected with the EEO complaint

process is a first step in timely compliance with 29 C.F.R. § 1614.105. Kraus, 572 F.3d at 1044.

Generally, the phrase "logically connected agency official" applies to EEO non-counselor

officials within the agency in question. Villalobos, 2012 WL 4674056, at *5. Additionally, the

EEOC has held non-EEO counselors "to be agency officials logically connected to the [EEO

complaint] process." Id. at *5 (citing Kraus, 572 F.3d at 1045).

Here, Defendant admits that Stewart is the EEO Program Manager at Plaintiff's

workplace. Def. Mot. for Summ. J. at 6, ECF No. 15. "[EEO] Program Manager duties

encompass [the] EEO Complaint Processing Program and all other aspects of [the] EEO

Program[.]" Angela A. Fisher, Complainant, EEOC DOC 01A03351, 2002 WL 1004675, at *1

(May 7, 2002). In addition, the EEOC interprets "agency officials logically connected with the

EEO process" as applicable to EEO personnel with titles other than "Counselor." <u>Tocci v. Napolitano</u>, 791 F. Supp. 2d 994, 1003 (D. Or. 2011). Because Stewart has "EEO" in his title, works at the Portland VA, and his duties are meant to encompass the complaint process for VA employees, he is considered a "logically connected official."

II.    Intent

Even if the complainant has contact with a "logically connected agency official," the complainant must still exhibit intent to begin the EEO process. In <u>Villalobos</u>, the plaintiff attempted to initiate the complaint process with an EEO Counselor approximately four months after the alleged discriminatory acts. 2012 WL 4674056, at *2. The EEOC dismissed the plaintiff's complaint as untimely, but the plaintiff argued that he spoke to a "Labor Relations Specialist" at his work within nine days of the incident in question. <u>Id.</u> at *4. While the district court determined that the Specialist was not a logically connected agency official, it nonetheless held that plaintiff's contact with the Specialist was proof of "intent to begin some type of complaint process" as plaintiff and the Specialist had "discussed [plaintiff's] options to file… an EEO complaint." <u>Id.</u> at *5.

Comparatively, in <u>Petronilla Osuagwu, Complainant</u>, EEOC DOC 120081307, 2008 WL 2264405, at *1 (May 20, 2008), the EEOC also dismissed the plaintiff's complaint as untimely. However, the plaintiff established that she met the forty-five day limitations period when her attorney sent letters on her behalf to the Director of Veterans Integrated Services and other agency officials. <u>Petronilla</u>, 2008 WL 2264405, at *1. While it was unclear if these people were logically connected officials, the contact "gave rise to a duty of the part of the agency to direct complainant to an EEO counselor within the limitation period," which the agency neglected to

do. Id. at 1* (citing Ray E. Lucy, Appellant, EEOC DOC 01962691, 1996 WL 688719 (Nov. 19, 1998)).

In this case, as in Villalobos, Plaintiff's initial contact with Stewart could be viewed as an initial attempt to begin the EEO complaint process. However, Stewart mentions that Plaintiff simply recounted the alleged discriminatory incidents when meeting with him. Decl. of Trent Stewart at ¶ 2. Plaintiff failed to submit evidence that shows that when she met with Stewart she attempted to file a complaint. There is no indication in the record that she intended to do anything more than share the incidents that occurred between her and Hart and to gather information. Therefore, it is reasonable to infer that she had no intent to begin the complaint process at that time. Additionally, Stewart directed Plaintiff to make contact with an actual EEO Counselor within forty-five days of the alleged discriminatory behavior. Decl. of Trent Stewart at ¶ 2. Thus, in contrast to the facts in Osuagwu, the agency here did direct Plaintiff to an EEO Counselor within the limitations period. The fact that Plaintiff possessed the correct information but failed to follow up with an EEO Counselor ultimately shows a lack of intent to file an EEO complaint.

The same reasoning applies to Plaintiff's contact with Judge Gaffin. To begin with, Judge Gaffin is not a "logically connected agency official," as he is not an EEO official at the Portland VA. Tocci, 791 F. Supp. 2d at 1004 (noting that cases have not gone so far as to allow contact with officials outside the agency in question). Assuming he is a "logically connected agency official," and taking the record into account, Plaintiff's failure to follow through and contact an EEO Counselor, after receiving further instruction, is not indicative of intent to begin the process.

//

7 - OPINION & ORDER

III.    Equitable Estoppel

Although Plaintiff raises no argument regarding equitable estoppel, I address it because she is pro se. The limitation set by 29 C.F.R. § 1614.105 may be tolled or defendants may be estopped from using it as a defense. <u>Villalobos</u>, 2012 WL 4674056, at *6 (citing <u>Kraus</u> 572 F.3d at 1043; <u>Santa Maria v. Pac. Bell</u>, 202 F.3d 1170 (9th Cir. 2000), <u>overruled on other grounds by Socop-Gonzalez v. INS</u>, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc)). "Equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." <u>Id.</u> (quoting <u>Santa Maria</u>, 202 F.3d 1076–77). Factors to consider are:

> (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations[;] (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct[;] and (3) the extent to which the purposes of the limitations period have been satisfied.

<u>Id.</u> (quoting <u>Santa Maria</u>, 202 F.3d at 1176)).

In this case, Stewart did not hold himself out to be an EEO Counselor (<u>see</u> Decl. of Trent Stewart at ¶ 4), nor is there evidence of him attempting to thwart Plaintiff from filing a complaint. Rather, he gave Plaintiff information regarding how to begin the complaint process. Plaintiff also received this same information during workplace training on June 17, 2013 and August 23, 2014. Decl. of Trent Stewart at ¶ 5; Compl. at 7.

Plaintiff submits a document in which she asserts that during her meeting with Stewart, he told her to proceed with mediation as she did not have a case. Although she filed the document after the summary judgment briefing was complete, and without leave of court[1], I consider the information as it is already in the record.[2] The statements by Stewart do not negate

---

[1] <u>See</u> Local Rule 7–1(f)(3) (stating that once a response and reply have been filed, no further briefing is allowed)
[2] Decl. of Jose Collazo in Supp. of Mot. for Summ. J., Ex. 2.

the undisputed facts that he gave Plaintiff an EEO Brochure which contained the phone number

to begin the complaint process, and informed her of the limitations period. These statements by

Stewart do not, when viewed in context with all of the other information he provided, create an

inference of estoppel. Consequently, the Court finds that Plaintiff failed to timely exhaust her

remedies.

IV.     State Discrimination Claims

        Plaintiff also brings a discrimination claim under Oregon state law. However, the

remedies for a federal employee's discrimination claims are found in federal, not state statutes.

Tocci, 791 F. Supp. 2d at 998 (citing Sharr v. Dep't of Transp., 247 F. Supp. 2d 1208, 1213 (D.

Or. 2003)). Title VII provides exclusive judicial remedies for discrimination claims in federal

employment; analogous state claims under O.R.S. § 659A.030 cannot be pursued. Id. at 998. As

a result, the Court grants summary judgment in favor of Defendant on Plaintiff's state law claim.

CONCLUSION

The Defendant's motion for summary judgment [15] is GRANTED.


IT IS SO ORDERED.


Dated this ___6___ day of _____March_____, 2016.



_____
MARCO A. HERNÁNDEZ
United States District Judge